



**Service of Process Transmittal**
01/04/2019
CT Log Number 534674888

**TO:** Linda Fogel
Stryker Corporation
2825 Airview Blvd
Portage, MI 49002-1802

**RE:** **Process Served in Michigan**

**FOR:** STRYKER CORPORATION (Domestic State: MI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JOHN RICHARD O'CONNELL AND SUZANNE O'CONNELL, PLTFS. vs. STRYKER CORPORATION, DFT. |
| **DOCUMENT(S) SERVED:** | SUMMONS, PROOF, COMPLAINT |
| **COURT/AGENCY:** | Ingham County - 30th Circuit Court, MI<br>Case # 1904NP |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury - Stryker Triathlon PKR and the Stryker Triathlon TKR |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Plymouth, MI |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 01/04/2019 postmarked on 01/02/2019 |
| **JURISDICTION SERVED:** | Michigan |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after receiving this summons |
| **ATTORNEY(S) / SENDER(S):** | David B. Carter, Jr.<br>PO Box 54<br>Charlotte, MI 48813<br>517-618-5146 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/04/2019, Expected Purge Date: 01/09/2019<br><br>Image SOP<br><br>Email Notification, Linda Fogel  linda.fogel@stryker.com<br><br>Email Notification, Emmeline Towne  Emmeline.towne@stryker.com<br><br>Email Notification, LEGAL OPERATIONS DEPT. .  legaloperations@stryker.com<br><br>Email Notification, Alyssa Tatakis  alyssa.tatakis@stryker.com |
| **SIGNED:** | The Corporation Company |
| **ADDRESS:** | 40600 ANN ARBOR RD E STE 201<br>Plymouth, MI 48170-4675 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / SV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



7018 0680 0000 9488 6779

DAVID B. CARTER, JR.
ATTORNEY AT LAW
PO BOX 54
CHARLOTTE, MICHIGAN 48813.

***To:*** **STRYKER CORPORATION**
**Registered Agent:**
**THE CORPORATION COMPANY**
**40600 ANN ARBOR RD**
**STE 201**
**PLYMOUTH, MI, 48170**



RETURN RECEIPT REQUESTED



48170-4675

U.S. POSTAGE PAID
LCM LG ENV
LANSING, MI
48933
JAN 02, 19
AMOUNT
$7.83
R2305H128915-15

CLINTON CANADY III

Approved, SCAO

Original - Court 2nd copy - Plaintiff
1st copy - Defendant 3rd copy - Return

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| 30TH JUDICIAL DISTRICT JUDICIAL CIRCUIT COUNTY PROBATE | SUMMONS | 19- 04 -NP |

**Court address**  
**Court telephone no.**

**Plaintiff's name(s), address(es), and telephone no(s).**
John and Suzanne O'Connell

v

**Defendant's name(s), address(es), and telephone no(s).**
STRYKER CORPORATION
Registered Agent:
THE CORPORATION COMPANY
40600 ANN ARBOR RD
E STE 201
PLYMOUTH, MI, 48170

**Plaintiff's attorney, bar no., address, and telephone no.**
David B. Carter, Jr. P54862
PO Box 54
Charlotte, MI 48813
517-256-3886

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.  **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| JAN 0 2 2019 | APR 0 3 2019 | LORI LAFAVE |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (8/18) **SUMMONS**  MCR 1.109(D), MCR 2.102(B), MCR 2.104, MCR 2.105

**SUMMONS**
Case No. 19-      -NP

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
    List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                         Date

My commission expires: _____   Signature: _____
                        Date                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                        Attachments

_____ on _____
                                           Day, date, time

_____ on behalf of _____

Signature

STATE OF MICHIGAN
IN THE 30TH CIRCUIT COURT FOR THE COUNTY OF INGHAM

JOHN RICHARD O'CONNELL,
and SUZANNE O'CONNELL

    Plaintiffs,

v.

STRYKER CORPORATION,

    Defendant.
_____/

COMPLAINT

HON. CLINTON CANADY III

FILE NO.: 19- 04 -NP

DAVID B. CARTER, JR.   (P54862)
Attorney for Plaintiff
PO BOX 54
Charlotte, Michigan 48813
(517) 618-5146
_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other action between these parties arising out of the same transaction or occurrence as alleged in this petition pending in this court, nor has any such action been previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge. MCR 2.113(C)(2)(a).

**NOW COMES** the above-named Plaintiff, **JOHN O'CONNELL** and **SUZANNE O'CONNELL**, by and through their attorney, David B. Carter, Jr., and for his Complaint against the above named Defendant, **STRYKER CORPORATION**, alleges and states the following:

1. At all relevant times Plaintiff, **JOHN RICHARD O'CONNELL**, resided in the City of Eaton Rapids, County of Eaton, State of Michigan.

DAVID B. CARTER, JR.
ATTORNEY AT LAW
P.O. BOX 54
CHARLOTTE, MI 48813
Telephone: (517) 618-5146
Fax: (866) 472-1457
Email: David@DavidCarterLaw.com

2. Upon information and belief, Defendant, Stryker Corporation is a corporation organized and existing under the laws of Michigan, with its principal place of business in Kalamazoo, Michigan. Defendant does business throughout the United States, as Stryker Sales Corporation. Defendant is registered to transact business within the State of Michigan, and may be served with the summons and complaint through its registered agent, THE CORPORATION COMPANY, 40600 ANN ARBOR RD E STE 201, PLYMOUTH, MI, 48170. Upon information and belief Stryker Orthopedics is the division of Stryker Corporation who manufactured the device.

3. Upon information and belief, at all times herein mentioned, the employees of Defendants, its subsidiaries, affiliates, and other related entities, were the agents, servants and employees of Defendants, and at all times relevant times, were acting within the purpose and scope of said agency and employment. Whenever reference in this Complaint is made to any act or transaction of Defendants, such allocations shall be deemed to mean that the principals, officers, employees, agents, and/or representatives of Defendants committed, knew of, performed, authorized, ratified and/or directed such transaction on behalf of Defendants while actively engaged in the scope of their duties.

DAVID B. CARTER, JR.
ATTORNEY AT LAW
P.O. BOX 54
CHARLOTTE, MI 48813
Telephone: (517) 618-5146
Fax: (866) 472-1457
Email: David@DavidCarterLaw.com

Page 3

## JURISDICTION AND VENUE

4. This Court has jurisdiction as the parties are citizens of this State, and the amount in controversy exceeds the sum or value of $300,000.00, exclusive of interest and costs.

## PLAINTIFFS' CLAIMS

5. On or about June 23, of 2014, Plaintiff underwent a right partial knee replacement or a "PKR" surgery performed by Dr. Steven L. Drayer. Plaintiff's surgeon utilized the Stryker Triathlon PKR.

6. Subsequent to his PKR, Plaintiff began experiencing significant knee pain and discomfort and joint instability and limitation on mobility.

7. Diagnostic testing has revealed that the PKR had failed and became loose and needed to be replaced.

8. As a direct and proximate result of Defendants placing the Stryker Triathlon PKR in to the stream of commerce, Plaintiff has suffered, and continues to suffer, both injuries and damages including, but not limited to, past, present and future physical and mental pain and suffering; and past, present and future medical, hospital, rehabilitative and pharmaceutical expenses, and other related charges.

9. On or about March 25, of 2016, Plaintiff underwent a right total knee replacement or a "TKR" surgery performed by Dr. Kenneth Morrison. Plaintiff's surgeon utilized the Stryker Triathlon TKR.

DAVID B. CARTER, JR.
ATTORNEY AT LAW
P.O. BOX 54
CHARLOTTE, MI 48813
Telephone: (517) 618-5146
Fax: (866) 472-1457
Email: David@DavidCarterLaw.com

Page 4

10. Subsequent to his TKR replacement, Plaintiff began experiencing significant knee pain and discomfort and joint instability and limitation on mobility.

11. Diagnostic testing has revealed that the TKR had also failed and became loose and needed to be replaced.

12. As a direct and proximate result of Defendants placing the Stryker Triathlon TKR in to the stream of commerce, Plaintiff has suffered, and continues to suffer, both injuries and damages including, but not limited to, past, present and future physical and mental pain and suffering; and past, present and future medical, hospital, rehabilitative and pharmaceutical expenses, and other related charges.

### FIRST CAUSE OF ACTION
### (Negligence)

13. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

14. Defendants designed, manufactured, marketed, detailed, and advertised, both to physicians and consumers, that the Stryker Triathlon PKR and the Stryker Triathlon TKR were safe and effective for their intended use - pre-operative alignment for Partial knee replacement surgery and Total knee replacement surgery.

15. As a result, Defendants had a duty to perform each of these functions reasonably and with a reasonable and due care for the safety and

DAVID B. CARTER, JR.
ATTORNEY AT LAW
P.O. BOX 54
CHARLOTTE, MI 48813
Telephone: (517) 618-5146
Fax: (866) 472-1457
Email: David@DavidCarterLaw.com

Page 5

well-being of patients in whom the devices would be utilized, including Plaintiff. Defendants failed to reasonably execute these duties.

16. Defendants failed to use reasonable and due care for the safety and well-being of those on whom the Stryker Triathlon PKR and the Stryker Triathlon TKR would be utilized, including Plaintiff, and is therefore negligent in the following respects:

   a. Defendants failed to adequately design and manufacture the Stryker Triathlon PKR and the Stryker Triathlon TKR to insure that it would not become loose during normal usage.

   b. Defendants failed to adequately test the Stryker Triathlon PKR and the Stryker Triathlon TKR to insure that they would perform correctly;

   c. Defendants made affirmative representations that the Stryker Triathlon PKR and the Stryker Triathlon TKR would not loosen and would last nearly 20 years after surgery. These representations were false and misleading to both physicians and the consumer, including Plaintiff;

   d. Defendants trained its sales force to "detail" the Stryker Triathlon PKR and the Stryker Triathlon TKR utilizing representations that the Defendants knew or should have known were false, creating a mistaken belief in the minds of

DAVID B. CARTER, JR.
ATTORNEY AT LAW
P.O. BOX 54
CHARLOTTE, MI 48813
Telephone: (517) 618-5146
Fax: (866) 472-1457
Email: David@DavidCarterLaw.com

both surgeons and consumers that the device was safe for its intended use.

e. Defendants failed to promptly act upon reports of early failure such that the Stryker Triathlon PKR and the Stryker Triathlon TKR continued to be utilized in unknowing patients by surgeons well after it should have been recalled or sales suspended.

17. The above conduct illustrates Defendants' failure to exercise reasonable and appropriate care. It was foreseeable that such negligence would lead to the devices failure as well as severe, permanent, debilitating injury to patients, including Plaintiff.

18. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered, and will continue to suffer, injury, emotional distress, harm and economic loss as alleged herein.

**SECOND CAUSE OF ACTION**
**(Breach of Express Warranty)**

19. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

20. Through its public statements, its descriptions of the Stryker Triathlon PKR and the Stryker Triathlon TKR, its promises relating to the Stryker Triathlon PKR and the Stryker Triathlon TKR, Defendants expressly warranted, among other things, that the Stryker Triathlon PKR and the

DAVID B. CARTER, JR.
ATTORNEY AT LAW
P.O. BOX 54
CHARLOTTE, MI 48813
Telephone: (517) 618-5146
Fax: (866) 472-1457
Email: David@DavidCarterLaw.com

Stryker Triathlon TKR was effective and safe for its intended use and would last.

21. These warranties came in the form of (i) publicly-made written and verbal assurances of safety; (ii) press releases and dissemination via the media of uniform promotional information that was intended to crease a demand for the Stryker Triathlon PKR and the Stryker Triathlon TKR (but which contained material misrepresentations and utterly failed to warn of the risks of the Stryker Triathlon PKR and the Stryker Triathlon TKR; (iii) verbal assurances made by Defendants' consumer relations personnel to the public about the safety of the Stryker Triathlon PKR and the Stryker Triathlon TKR that also downplayed the risks associated with the Stryker Triathlon PKR; and, (iv) false and misleading written information supplied by Defendants.

22. Plaintiff further alleges that all of the aforementioned written materials are known to Defendants and in its possession, and it is Plaintiff's reasonable belief that these materials shall be produced by Defendants and be made part of the record once Plaintiff is afforded the opportunity to conduct discovery.

23. When Defendants made these express warranties, it knew the purpose for which the Stryker Triathlon PKR and the Stryker Triathlon TKR was to be used, and warranted it to be in all respects safe and proper for such purpose.

DAVID B. CARTER, JR.
ATTORNEY AT LAW
P.O. BOX 54
CHARLOTTE, MI 48813
Telephone: (517) 618-5146
Fax: (866) 472-1457
Email: David@DavidCarterLaw.com

24. Defendants drafted the documents and/or made statements upon which these warranty claims are based and, in doing so, defined the terms of those warranties.

25. The Stryker Triathlon PKR and the Stryker Triathlon TKR do not conform to Defendants' representations in that the devices are safe and instead produces serious and debilitating side effects.

26. As such, the Stryker Triathlon PKR and the Stryker Triathlon TKR did not conform to Defendants' promises, descriptions, or affirmations of fact, and was not adequately packaged, labeled, promoted, or fit for the ordinary purposes for which such devices are used.

27. As a direct and proximate result of the breach of Defendant's warranties, Plaintiff suffers, and will continue to suffer, injury, emotional distress, harm and economic loss as alleged herein.

### THIRD CAUSE OF ACTION
### (Breach of Implied Warranty)

28. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

29. At the time Defendants marketed, sold, and distributed the Stryker Triathlon PKR and the Stryker Triathlon TKR, Defendants knew of the use for which these products were intended and impliedly warranted the products to be of merchantable quality, safe, fit and effective for such use.

DAVID B. CARTER, JR.
ATTORNEY AT LAW
P.O. BOX 54
CHARLOTTE, MI 48813
Telephone: (517) 618-5146
Fax: (866) 472-1457
Email: David@DavidCarterLaw.com

30. Defendants knew, or had reason to know, that Plaintiff and his physicians would rely on the Defendants' judgment and skill in providing the Stryker Triathlon PKR and the Stryker Triathlon TKR for the intended use.

31. Plaintiff and his physicians reasonably relied upon the skill and judgment of Defendants as to whether the Stryker Triathlon PKR and the Stryker Triathlon TKR was of merchantable quality, safe, fit, and effective for its intended use.

32. Contrary to such implied warranty, Stryker Triathlon PKR and the Stryker Triathlon TKR was not of merchantable quality, nor safe or fit or effective for its intended use, because the product was, and is unreasonably dangerous, defective, unfit and ineffective for the ordinary purposes for which the Stryker Triathlon PKR and the Stryker Triathlon TKR was used.

33. As a direct and proximate result of Defendants' breach of its implied warranty, Plaintiff has suffered, and will continue to suffer, injury, emotional distress, harm and economic loss as alleged herein.

### FOURTH CAUSE OF ACTION
### (Strict Liability - Failure to Warn)

34. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

35. The Stryker Triathlon PKR and the Stryker Triathlon TKR utilized on Plaintiff contained no warnings, or in the alternative, contained inadequate

DAVID B. CARTER, JR.
ATTORNEY AT LAW
P.O. BOX 54
CHARLOTTE, MI 48813
Telephone: (517) 618-5146
Fax: (866) 472-1457
Email: David@DavidCarterLaw.com

**Page 10**

warnings, as to the risk that these products could loosen under normal usage and cause significant knee misalignment and pain.

36. The warnings that accompanied the Stryker Triathlon PKR and the Stryker Triathlon TKR failed to provide the level of information that an ordinary consumer would expect when using the product in a manner reasonably foreseeable to Defendants.

37. Had Plaintiff received a proper or adequate warning as to the risks associated with the Stryker Triathlon PKR and the Stryker Triathlon TKR, Plaintiff would not have used these products or would have at least considered other alternatives.

38. Upon information and belief, had Plaintiff's surgeon receive a proper or adequate warning as to the risks associated with using the Stryker Triathlon PKR and the Stryker Triathlon TKR, he would not have recommended these devices, would have used an alternative device; or, at a minimum, would have provided Plaintiff with an adequate warning and obtained informed consent.

39. As a direct and proximate result of Defendants' failure to warn of these dangers, Plaintiff has suffered, and will continue to suffer, injury, emotional distress, harm and economic loss as alleged herein.

40. Defendants are strictly liable for Plaintiff's injuries, damages and losses.

DAVID B. CARTER, JR.
ATTORNEY AT LAW
P.O. BOX 54
CHARLOTTE, MI 48813
Telephone: (517) 618-5146
Fax: (866) 472-1457
Email: David@DavidCarterLaw.com

Page 11

## FIFTH CAUSE OF ACTION
### (Strict Liability - Design Defect)

41. Plaintiff incorporates by reference all preceding paragraphs as is fully set forth herein and further alleges as follows:

42. Defendants' Stryker Triathlon PKR and the Stryker Triathlon TKR are designed in such a way that, when used as intended, it causes serious, permanent, and devastating damage to patients. The damage and mechanism of injury have been previously described herein.

43. Defendants' Stryker Triathlon PKR and the Stryker Triathlon TKR do not perform as safely as an ordinary consumer would expect when used as intended, or in a manner reasonably foreseeable to Defendants.

44. The risks of using Defendants' Stryker Triathlon PKR and the Stryker Triathlon TKR outweigh the benefits of using the devices.

45. Defendants knew or should have known of the defective nature of its Stryker Triathlon PKR and the Stryker Triathlon TKR, but continued to design, manufacture, market, and sell it so as to maximize sales and profits at the expense of the public health and safety, in conscious disregard of the foreseeable harm caused by its products.

46. As a direct and proximate result of the Stryker Triathlon PKR and the Stryker Triathlon TKR's defective designs, Plaintiff has suffered, and will continue to suffer, injury, emotional distress, harm and economic loss as alleged herein.

DAVID B. CARTER, JR.
ATTORNEY AT LAW
P.O. BOX 54
CHARLOTTE, MI 48813
Telephone: (517) 618-5146
Fax: (866) 472-1457
Email: David@DavidCarterLaw.com

47. Defendants are strictly liable for Plaintiff's injuries, damages and losses.

### SIXTH CAUSE OF ACTION
### (Strict Liability - Manufacturing Defect)

48. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

49. The Stryker Triathlon PKR and the Stryker Triathlon TKR system utilized on Plaintiff failed, causing Plaintiff to undergo complicated surgery to replace the medical device within a short period of time after the original date of implantation. These "revision" surgeries are technically much more difficult than the original surgery, even for skilled orthopedic surgeons, and involve a very long, difficult recovery process.

50. The Stryker Triathlon PKR and the Stryker Triathlon TKR utilized in Plaintiff's surgery contained a manufacturing defect in that the Stryker Triathlon PKR and the Stryker Triathlon TKR utilized in Plaintiff departed from its intended design and became more dangerous.

51. As a direct and proximate result of Defendants' manufacturing defect, Plaintiff has suffered, and will continue to suffer, injury, emotional distress, harm and economic loss as alleged herein.

52. Defendants are strictly liable for Plaintiff's injuries, damages and losses.

DAVID B. CARTER, JR.
ATTORNEY AT LAW
P.O. BOX 54
CHARLOTTE, MI 48813
Telephone: (517) 618-5146
Fax: (866) 472-1457
Email: David@DavidCarterLaw.com

Page 13

## SEVENTH CAUSE OF ACTION
### (Strict Liability - Failure to Adequately Test)

53. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

54. Defendants advised consumers and the medical community that Stryker Triathlon PKR and the Stryker Triathlon TKR was safe for use in humans. Defendants failed to adequately test its products for use in knee replacement.

55. Had Defendants adequately tested the safety of Stryker Triathlon PKR and the Stryker Triathlon TKR and disclosed those results to the medical community or to the public, Plaintiff would not have used the Stryker Triathlon PKR and the Stryker Triathlon TKR for his knee replacement.

56. As a direct and proximate result of Defendants' failure to adequately test its product, Plaintiff has suffered the conditions, injuries and damages set forth above.

57. Defendants are strictly liable for Plaintiff's injuries, damages and losses.

## EIGHTH CAUSE OF ACTION
### (Loss of Consortium)

58. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

DAVID B. CARTER, JR.
ATTORNEY AT LAW
P.O. BOX 54
CHARLOTTE, MI 48813
Telephone: (517) 618-5146
Fax: (866) 472-1457
Email: David@DavidCarterLaw.com

59. Plaintiff, SUZANNE O'CONNELL, was at all times relevant hereto, and now, the spouse of Plaintiff JOHN RICHARD O'CONNELL, and lived and cohabited with him.

60. Plaintiff, JOHN RICHARD O'CONNELL, has been caused, presently and in the future, to suffer the loss of his spouse's companionship, services, society and the ability of Plaintiff, SUZANNE O'CONNELL, in those respects been impaired and depreciated, and the marital association between husband and wife has been altered and impaired.

61. WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, for at least THREE HUNDRED THOUSAND ($300,000.00) DOLLARS compensatory damages, plus interest, costs and attorneys' fees.

**I DECLARE UNDER THE PENALTIES OF PERJURY THAT THIS INSTRUMENT HAS BEEN EXAMINED BY ME AND THAT THE CONTENTS THEREOF ARE TRUE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.**

Respectfully submitted,

Dated: 12-28-18

John Richard O'Connell
Plaintiff

Dated: 12-28-18

SUZANNE O'Connell
Plaintiff

DAVID B. CARTER, JR.
ATTORNEY AT LAW
P.O. BOX 54
CHARLOTTE, MI 48813
Telephone: (517) 618-5146
Fax: (866) 472-1457
Email: David@DavidCarterLaw.com

Dated: January 2, 2019

_[signature]_
David B. Carter, Jr. (P54862)
**Attorney for Defendant**
PO BOX 54
Charlotte, Michigan 48813
(517) 618-5146
Email: david@davidcarterlaw.com

## DEMAND FOR JURY

NOW COMES the Plaintiffs herein, by and through his attorney, David B. Carter, Jr., and hereby demands a trial by jury in the within cause of action.

Respectfully submitted,

_[signature]_
By: David B. Carter, Jr.

DAVID B. CARTER, JR.
ATTORNEY AT LAW
P.O. BOX 54
CHARLOTTE, MI 48813
Telephone: (517) 618-5146
Fax: (866) 472-1457
Email: David@DavidCarterLaw.com